UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHOSHANA ROBERTS,                                  :
                                                   :
                  Plaintiff,                       :
                                                   :       Case No. 15 Civ. 10167 (RA)
        -against-                                  :
                                                   :
ROB BLISS, ROB BLISS CREATIVE, LLC,                :
HOLLABACK! INC., TGI FRIDAY'S INC., and            :
MADE MOVEMENT LLC,                                 :
                                                   :
                  Defendants.                      :
-------------------------------------------------------------------X


### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MADE MOVEMENT LLC AND TGI FRIDAY'S INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT

FRANKFURT KURNIT KLEIN & SELZ, PC
Craig B. Whitney
Beth I. Goldman
Andrew Ungberg
488 Madison Avenue
New York, New York 10022
cwhitney@fkks.com
bgoldman@fkks.com
aungberg@fkks.com
Phone: (212) 980-0120
Fax: (212) 593-9175

*Attorneys for Defendants*
*Made Movement LLC and TGI Friday's Inc.*

23738.301

# TABLE OF CONTENTS

                                                                                    Page

PRELIMINARY STATEMENT ............................................................................... 1

RELEVANT FACTUAL BACKGROUND ............................................................... 3

    Plaintiff and the Bliss Video ................................................................................ 3

    TGI Friday's Advertisement Using Portions of the Bliss Video ....................... 3

    Roberts's Amended Complaint Against Made and Friday's ............................... 6

LEGAL STANDARD ................................................................................................ 6

ARGUMENT .............................................................................................................. 7

I.      ROBERTS FAILS TO STATE A CLAIM UNDER SECTION 43(a) OF THE
        LANHAM ACT ........................................................................................... 7

       A.    Roberts Does Not Appear in the Advertisement............................................7

       B.    Roberts Has No Trademark Right in the Bliss Video. ..................................9

II.     ROBERTS FAILS TO STATE A RIGHT OF PUBLICITY CLAIM.................. 11

       A.    The Advertisement Does Not Use Roberts's Name, Portrait, Picture, or
           Voice. ..........................................................................................................11

       B.    Roberts's Right of Publicity Claim Is Governed by New York Law, Which
           Does Not Recognize a Common Law Right of Publicity.. ..........................13

III.    PLAINTIFF'S UNJUST ENRICHMENT CLAIM MUST BE DISMISSED...... 15

       A.    Roberts's Unjust Enrichment Claim is Preempted by Her New York Civil
           Rights Law Claim. ......................................................................................15

       B.    Roberts's Unjust Enrichment Claim Fails to State a Claim....................155

           1.    The Amended Complaint Fails to Allege that Made or Friday's
               Obtained any Direct Benefit from Roberts. .................................. 16

           2.    Roberts Did Not Perform a Service for Made or Friday's. ........... 17

CONCLUSION.......................................................................................................... 188

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*1-800 Contacts, Inc. v. WhenU.Com, Inc.*,
 414 F.3d 400 (2d Cir. 2005)..................................................................8

*Allen v. Nat'l Video, Inc.*,
 610 F. Supp. 612 (S.D.N.Y. 1985) ..............................................12, 13

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009).............................................................................6

*Beastie Boys v. Monster Energy Co.*,
 66 F. Supp. 3d 424 (S.D.N.Y. 2014)..................................................9, 10

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007).............................................................................6

*Bondar v. LASplash Cosmetics*,
 No. 12-cv-1417(SAS), 2012 WL 6150859 (S.D.N.Y. Dec. 11, 2012) ....................8

*Brooks ex rel. Estate of Bell v. The Topps Co., Inc.*,
 No. 06 CIV 2359, 2007 WL 4547585 (S.D.N.Y. Dec. 21, 2007)............................14

*Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*,
 No. 10 Civ. 2333 (LTS), 2011 WL 1327137 (S.D.N.Y. Mar. 31, 2011)..................7

*Burck v. Mars, Inc.*,
 571 F. Supp. 2d 446 (S.D.N.Y. 2008)........................................ 11-12, 14

*Chambers v. Time Warner, Inc.*,
 282 F.3d 147 (2d Cir. 2002)................................................................6

*Comedy III Prods. v. New Line Cinema*,
 200 F.3d 593 (9th Cir. 2000) ..............................................................9, 10

*Cummings v. Soul Train Holdings, LLC*,
 67 F. Supp. 3d 599 (S.D.N.Y. 2014).....................................................8

*Georgia Malone & Co., Inc. v. Rieder*,
 19 N.Y.3d 511 (2012) ..........................................................................17

*Greene v. Paramount Pictures Corp.*,
 No. 14-cv-1044 (JS), 2015 WL 5794313 (E.D.N.Y. Sept. 30, 2015)......................12

*Groden v. Random House, Inc.*,
    61 F.3d 1045 (2d Cir. 1995)........................................................................................14

*Grodin v. Liberty Cable*,
    244 A.D.2d 153 (1st Dep't 1997) ..............................................................................15

*Joe Dickerson & Assoc., LLC v. Dittmar*,
    34 P.3d 995 (Colo. 2001)...........................................................................................14

*Kagan v. K-Tel Entm't, Inc.*,
    172 A.D.2d 375 (1st Dep't 1991) ..............................................................................17

*Kaye v. Grossman*,
    202 F.3d 611 (2d Cir. 2000).......................................................................................16

*Lombardo v. Doyle Dane & Birnbach*,
    58 A.D.2d 620 (2d Dep't 1977) .................................................................................12

*Mandarin Trading Ltd. v. Wildenstein*,
    16 N.Y.3d 173 (2011) ...........................................................................................16, 17

*Meadows v. Hartford Life Ins. Co.*,
    492 F.3d 634 (5th Cir. 2007).....................................................................................14

*Messenger v. Gruner + Jahr Printing & Publ'g*,
    94 N.Y.2d 436 (2000) ................................................................................................11

*Naked Cowboy v. CBS*,
    844 F. Supp. 2d 510 (S.D.N.Y. 2012)........................................................................11

*Oliveira v. Frito-Lay, Inc.*,
    251 F.3d 56 (2d Cir. 2001)................................................................................9-10, 11

*Pirone v. MacMillan, Inc.*,
    894 F.2d 579 (2d Cir. 1990)..............................................................................7, 8, 14

*Prestige Caterers v. Kaufman*,
    290 A.D.2d 295 (1st Dep't 2002) ..............................................................................17

*Regnante v. Securities and Exchange Officials*,
    14 Civ. 4880(KPF), 2015 WL 5692174 (S.D.N.Y. Sept. 28, 2015).........................16

*Rogers v. Grimaldi*,
    875 F.2d 994 (2d Cir. 1989).......................................................................................13

*Vaugn v. Air-Line Pilots Ass'n Int'l*,
    604 F.3d 703 (2d Cir. 2010).........................................................................................6

*Zoll v. Jordache Enters., Inc.*,
    No. 01 CIV 1339 (CSH) (JCF), 2001 WL 1550943 (S.D.N.Y. Dec. 5, 2001) ........................14

*Zoll v. Ruder Finn, Inc.*,
    No. 02 Civ. 3652 (CSH), 01 Civ 1339 (CSH), 2004 WL 42260 (S.D.N.Y. Jan. 7, 2004) ......15

**Statutes**

15 U.S.C. § 1125(a) ............................................................................................................. *passim*

N.Y. Civ. Rights Law §§ 50-51 ........................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).............................................................................................................6

Defendants Made Movement LLC ("Made") and TGI Friday's Inc. ("Friday's") respectfully submit this memorandum of law in support of their motion to dismiss the claims asserted against them in the Amended Complaint filed by plaintiff Shoshana Roberts ("Roberts" or "Plaintiff"), dated February 19, 2016 ("Am. Compl.").

## PRELIMINARY STATEMENT

Plaintiff Roberts is seeking to recover against Made and Friday's—for Lanham Act false association or endorsement, violation of her right of publicity, and unjust enrichment—based on an advertisement for Friday's appetizers in which Roberts does not appear. The advertisement contains images of mozzarella sticks, potato skins, pot stickers, and other food items. But Roberts does not, of course, resemble a mozzarella stick or any other appetizer. Yet all of Roberts's claims against Made and Friday's are based on the flawed premise that Made and Friday's use of images of these appetizers in an advertisement somehow misappropriates Roberts's "identity and persona." This is obviously not so, as a plain reading of the Amended Complaint confirms. And based on this fatal flaw, Roberts's claims against Made and Friday's must be dismissed.

The Amended Complaint alleges that Made (an advertising agency) and Friday's (a popular restaurant chain and Made's client) licensed the use of an Internet video to create a short video advertisement for Friday's appetizers. Roberts appeared in the original licensed video, but not anywhere in the subsequent advertisement. Any images of Roberts from the original video footage used in the subsequent advertisement were replaced entirely with oversized images of appetizers. The videos are incorporated in the Amended Complaint and are available and appropriate for the Court to review in deciding this motion. Contrary to the allegations in the Amended Complaint that only Roberts's face is obscured in the advertisement footage, a review

of the advertisement makes clear that neither Roberts's image nor any likeness to her whatsoever appears in the Friday's advertisement.  Therefore Roberts has no claim for Lanham Act false association or endorsement or a violation of her right of publicity.

To adequately plead a claim under Section 43(a) of the Lanham Act, Plaintiff must identify, at a minimum, a symbol or device that serves as a trademark for Roberts or some misrepresentation of fact about Roberts in the advertisement.  But Roberts cannot do so here. There is nothing about Roberts in the advertisement.  And Roberts cannot assert a trademark right in the original licensed video based on her performance in or contribution to that video— even if that performance or contribution had been used in the subsequent advertisement (which it was not).

Similarly, to adequately plead a right of publicity claim, Roberts must allege facts to support the conclusion that Made or Friday's used her name, portrait, picture, or voice in the advertisement.  Roberts cannot allege the required elements.  Moreover, because Roberts is domiciled in New York, choice of law rules mandate that Plaintiff's right of publicity claim arises solely under New York law, so Plaintiff's additional cause of action for a violation of the right of publicity under the laws of "any state other than New York" must be dismissed for that reason as well.

Finally, Roberts's unjust enrichment claim against Made and Friday's fails for three independent reasons.  *First*, the claim is preempted by the New York Civil Rights law because it is based on the same allegations as Roberts's right of publicity claim.  *Second*, even if the claim were not preempted, Roberts has not sufficiently pled that Made or Friday's received any benefit from Roberts's underlying performance in the licensed video, which was not even used in the subsequent advertisement.  *Third*, even if Made or Friday's had somehow benefitted, Roberts has

not pled that she performed those services *for Made or Friday's* (quite the contrary), which is required to sustain a claim for unjust enrichment under New York law.

Accordingly, all of Plaintiff's causes of action in the Amended Complaint against Made and Friday's fail to state a claim. Made and Friday's respectfully request that the Court dismiss Plaintiff's claims against Made and Friday's with prejudice and without further leave to amend.

## RELEVANT FACTUAL BACKGROUND

### Plaintiff and the Bliss Video

As alleged in the Amended Complaint, Roberts is a professional actress who resides in Queens, New York. (Am. Compl. ¶ 8.) Roberts allegedly responded to a Craigslist posting from Defendants Rob Bliss and/or Rob Bliss Creative LLC (together, "Bliss") to appear in a public service announcement regarding street harassment of women. (*Id.* ¶ 17.) From September 29 through October 1, 2014, Roberts and Bliss walked through the streets of New York City and filmed the reactions and comments of strangers on the street. (*Id.* ¶ 21.) Bliss edited the footage into a one minute and 56-second video entitled "10 Hours Walking in NYC as a Woman" (the "Bliss Video"), which is accessible online at https://www.youtube.com/watch?v=b1XGPvbWn0A. (*Id.* ¶ 22.) The Amended Complaint alleges that "within days, millions of people had accessed the Video on YouTube" (*id.* ¶ 23), and that "Plaintiff quickly became widely known throughout the United States and the world because of the Video." (*Id.* ¶ 24.)

### TGI Friday's Advertisement Using Portions of the Bliss Video

Made Movement is a Colorado-based advertising agency that provides creative and brand management services. (*Id.* ¶¶ 3, 33.) TGI Friday's is a nationwide restaurant chain and Made's client. (*Id.* ¶ 3.) By agreement dated February 18, 2015 (the "License"), Made licensed the use of the Bliss Video from Bliss to create an advertisement for Friday's. (*Id.* ¶ 33; Ex. A.) In the

License, Bliss represented that he had the "sole right and authority" to grant all rights to the Bliss Video and that use of the Bliss Video "in accordance with the terms of this License will not infringe on the rights of any third party." (*Id.*, Ex. A.)

Made and Friday's created an advertisement incorporating portions of the Bliss Video, titled "#AppCalling" (the "Advertisement"). (*Id.* ¶ 34.) There was a thirty-second version of the Advertisement as well as a fifteen-second clip using the same footage. (*Id.*) The Advertisement publicizes Friday's "Endless Apps Now with Endless Choice" promotion. The fifteen-second clip is available on the Internet, including linked to a news story cited in the Amended Complaint at http://time.com/3744418/tgi-fridays-catcalling-parody/. (*Id.*) The longer version, which is explicitly "incorporated by reference" in the Amended Complaint "as if fully set forth herein" (*id.*), is attached as Exhibit A to the Declaration of Craig B. Whitney, submitted concurrently herewith.

The Advertisement incorporates part of the Bliss Video footage, including background images of New York City streets, but Roberts's image and performance from the Bliss Video is completely removed and replaced with images of food. More specifically, in the longer version of the Advertisement, the first frame depicts an oversized image of a mozzarella stick moving down a New York City street and the phrase "Hey Baby!" appearing below the image and spoken by a male voice (even the original male voices from the Bliss Video were replaced in the Advertisement). The next frame depicts an oversized image of a pan-seared pot sticker moving down a different New York City street, with the word "Nice!" below. That frame is followed by a black screen that displays the text, "Nobody likes a catcaller." The remaining scenes of the Advertisement each similarly depict oversized images of different appetizers available on the TGI Friday's menu, including a flatbread pizza and a loaded potato skin, moving down a New

York City street receiving catcalls.  Most significantly, no portion of Plaintiff appears in the Advertisement.  Her image as it appeared in the Bliss Video is entirely replaced in the Advertisement with digital images of the oversized appetizers, as shown in the following examples:





The Advertisement ends with a closing black screen that displays the text "But who can blame someone for #AppCalling?" followed by an image of the actual Friday's appetizers.

**Roberts's Amended Complaint Against Made and Friday's**

Roberts's Amended Complaint asserts six causes of action, only four of which are directed against Made and Friday's: (1) the Second Cause of Action for unfair competition/false association/false endorsement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Am. Compl. ¶¶ 44-47); (2) the Third Cause of Action for violation of the right of publicity under New York Civil Rights Law §§ 50/51 (*id.* ¶¶ 48-51); (3) the Fourth Cause of Action for violation of statutory and common law right of publicity under the laws of "any state other than New York" (*id.* ¶¶ 52-58); and (4) the Sixth Cause of Action for unjust enrichment (*id.* ¶¶ 63-65). Each of these claims against Made and Friday's must be dismissed with prejudice.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates dismissal if a cause of action fails to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Vaugn v. Air-Line Pilots Ass'n Int'l*, 604 F.3d 703, 709 (2d Cir. 2010). To meet this standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). However, "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

For the purposes of deciding a motion under Rule 12(b)(6), the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated by reference." *See, e.g., Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). Here, the Amended Complaint expressly incorporates both the Bliss Video and the Advertisement by reference. (*See* Am. Compl. ¶¶ 22, 34.) Accordingly, the Court need not

accept as true Plaintiff's allegations describing the Bliss Video and the Advertisement, but instead may review both videos and draw all reasonable inferences based on their content.

## ARGUMENT

I. **ROBERTS FAILS TO STATE A CLAIM UNDER SECTION 43(A) OF THE LANHAM ACT**

Made and Friday's did not use any trademark or false or misleading representation of fact associated with Roberts in the Advertisement.  A Section 43(a) violation requires the "use[] in commerce [of] any word, term, name, symbol, or device, or any combination thereof" or "false designation of origin" or "false or misleading representation of fact" in connection with an item in commerce "which is likely to cause confusion . . . as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . ." 15 U.S.C. § 1125(a); *see also Pirone v. MacMillan, Inc.*, 894 F.2d 579, 584 (2d Cir. 1990) (internal citations omitted). While "[c]ourts have recognized false endorsement claims under § 43(a) of the Lanham Act where a celebrity's image or persona is used in association with a product so as to imply that the celebrity endorses the product[,]" that is not the case here.  *Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*, No. 10 Civ. 2333 (LTS), 2011 WL 1327137, at \*4-5 (S.D.N.Y. Mar. 31, 2011). No image of or other reference to Roberts appears in the advertisement.  And no court has upheld a false association or false endorsement claim where there is no word, term, name, symbol, or device referencing the plaintiff in the subject advertisement.

A. **Roberts Does Not Appear in the Advertisement.**

Roberts asserts that Made and Friday's violated Section 43(a) of the Lanham Act because the Advertisement "depicted *Plaintiff's persona* and conveyed the false impression to a substantial group of viewers thereof that she had participated in, authorized or endorsed the advertisements."  (Am. Compl. ¶ 46 (emphasis added).)  But Roberts's persona does not appear

anywhere in the Advertisement.  The Advertisement, referenced in the Amended Complaint and available for the Court's review (*id.* ¶ 34), depicts oversized appetizers that are offered as part of the TGI Friday's Endless Choice promotion.  Roberts's image in the Bliss Video is completely removed from the video used in the Advertisement.  (*Id.* ¶¶ 22, 34.)  The Advertisement does not "use," depict, or represent any aspect of Roberts and no appetizer appearing in the Advertisement serves as a trademark for Roberts.

A Lanham Act claim cannot survive a motion to dismiss where the work at issue does not use the plaintiff's mark.  *See, e.g., 1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 410 (2d Cir. 2005) (dismissing Lanham Act claim with prejudice where the defendant did not use plaintiff's trademark).  While courts have recognized a plaintiff's name, image, likeness, costume, or voice as a mark that could serve as the basis for a Lanham Act claim, none of those features of Roberts are included in the Friday's Advertisement.  *See, e.g., Pirone*, 894 F.2d at 583-84 (recognizing name and pictures of Babe Ruth as "symbols" under the Lanham Act); *Cummings v. Soul Train Holdings, LLC*, 67 F. Supp. 3d 599, 605 (S.D.N.Y. 2014) (musician's image, likeness, and voice asserted as a mark); *see also Bondar v. LASplash Cosmetics,* No. 12-cv-1417(SAS), 2012 WL 6150859, at *5 (S.D.N.Y. Dec. 11, 2012) ("Courts in this Circuit have recognized that celebrities have a trademark-like interest in their name, likeness, and persona that may be vindicated through a false endorsement claim under the Lanham Act.").

Contrary to the conclusory allegations in the Amended Complaint, neither Roberts's persona nor any other mark associated with Roberts is depicted anywhere in the Advertisement. Consequently, consumers could not, as a matter of law, be confused that Roberts endorsed, approved, authorized, or was associated with the Advertisement or its contents.  Accordingly, the Second Cause of Action for violation of Section 43(a) of the Lanham Act must be dismissed.

**B.     Roberts Has No Trademark Right in the Bliss Video.**

The absence of Roberts's persona (or image or likeness or anything pertaining to her) in the Advertisement dooms her Lanham Act claim, as discussed above. To the extent, however, that Roberts is claiming that her persona is somehow synonymous with the Bliss Video itself or that she has a trademark right in any "creative content" that she allegedly contributed to the Bliss Video (Am. Compl. ¶ 35), such a theory also fails under the law.

The Bliss Video is protected by copyright, which Made and Friday's properly licensed from Bliss. Roberts cannot assert a trademark right in the Bliss Video merely because of any alleged notoriety achieved through her performance in and association with that video or any alleged creative contribution to the Bliss Video. Any attempt to use trademark law to circumvent the exclusive rights of copyright holders to license their work has been squarely rejected by courts. Lanham Act trademark protection does not extend "to areas where its use would merely duplicate coverage provided by copyright law." *Beastie Boys v. Monster Energy Co.*, 66 F. Supp. 3d 424, 448 (S.D.N.Y. 2014) ("[I]n construing the Lanham Act, we have been 'careful to caution against misuse or over-extension' of trademark and related protections into areas traditionally occupied by patent or copyright.") (citing *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 34 (2003)); *see also Comedy III Prods. v. New Line Cinema*, 200 F.3d 593, 595 (9th Cir. 2000) ("[T]he footage at issue here was clearly covered by the Copyright Act . . . and the Lanham Act cannot be used to circumvent copyright law.").

"[A]n artist's 'signature performance' cannot establish a trademark signifying that artist." *Beastie Boys*, 66 F. Supp. 3d at 453 (noting that Bob Seger's performance of "Like a Rock" as backdrop for Chevrolet commercial cannot serve as trademark for the artist); *see also Oliveira v. Frito-Lay, Inc.*, 251 F.3d 56, 62 (2d Cir. 2001) (rejecting Lanham Act claim based on the use of

an artist's song in an advertisement); *Comedy III Prods.*, 200 F.3d at 595 (finding that a clip from a well-known Three Stooges short film is not a trademark).

In *Oliveira*, the recording artist, Astrud Gilberto, asserted a Lanham Act claim for the use of her signature recording of "The Girl From Ipanema" in a television commercial for Frito-Lay's baked potato chips. The district court dismissed the claim and the Second Circuit affirmed. According to the Second Circuit:

> [T]he law does not accord [] trademark rights in the recording of [a] signature performance. Plaintiff has not cited a single precedent throughout the history of trademark supporting the notion that a performing artist acquires a trademark or service mark signifying herself in a recording of her own famous performance. The "signature performance" that a widespread audience associated with the performing artist is not unique to Gilberto. Many famous artists have recorded such a signature performance that their audiences identify with the performer. Yet in no instance was such a performer held to own a protected mark in that recording.

*Oliveira*, 251 F.3d at 62. The court stated that the use of Gilberto's recorded song "has not taken her persona" and her Lanham Act claim was properly dismissed. *Id.*

As the Second Circuit explained, permitting artists a trademark right in their "signature performances" would be "profoundly disruptive to commerce" and contradict "reasonable commercial understandings" because it would recognize a previously unknown right. *Id.* at 62-63. Were Lanham Act claims permitted solely on the basis of the use of an artist's performance or other creative contribution, there would be an onslaught of trademark infringement cases by performers for works that had been previously licensed by copyright holders. *Id.* at 63. "[A]rtists who had licensed users under their copyrights and had received fees for the copyright license could bring suits claiming additional compensation for infringement of trademark rights. Immense unforeseen liabilities might accrue, upsetting reasonable expectations." *Id.*[1]

---

[1] The facts of *Oliveira* provide an example. Frito-Lay spent more than $200,000 to acquire, under copyright, a license for synchronization rights from the record owners of "The Girl From

As in *Oliveira,* Made and Friday's purchased a license from Bliss to use the Bliss Video in the Advertisement, and now Roberts is seeking additional compensation under the Lanham Act. Roberts has no trademark rights in the Bliss Video—nor does her persona appear in the Advertisement—and her Second Cause of Action accordingly must be dismissed.

## II.     ROBERTS FAILS TO STATE A RIGHT OF PUBLICITY CLAIM

### A.     The Advertisement Does Not Use Roberts's Name, Portrait, Picture, or Voice.

Plaintiff's Third Cause of Action alleging a violation of New York Civil Rights Law Sections 50 and 51 must be dismissed because the Advertisement does not use Roberts's name, portrait, picture, or voice. New York Civil Rights Law Sections 50 and 51 "provide a limited statutory right of privacy." *Messenger v. Gruner + Jahr Printing & Publ'g*, 94 N.Y.2d 436, 441 (2000). Section 50 of the New York Civil Rights Law prohibits the "use[] for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person . . .." N.Y. Civ. Rights Law § 50 (McKinney 2012). "Section 51 creates a private right of action for violations of Section 50." *Naked Cowboy v. CBS*, 844 F. Supp. 2d 510, 519 (S.D.N.Y. 2012). To state a claim under Section 51, Roberts must show that Made or Friday's "(1) used [her] name, portrait, picture, or voice, (2) for advertising or trade purposes, (3) without [her] written consent." *Burck v. Mars, Inc.*, 571 F. Supp. 2d 446, 451 (S.D.N.Y. 2008); *see also* N.Y. Civ. Rights Law § 51 (McKinney 2012).

---

Ipanema." Gilberto then sued Frito Lay under the Lanham Act on a theory of false endorsement. The Second Circuit refused to recognize Gilberto's claim because there is "no justification for now altering the commercial world's understanding of the scope of trademark rights in this fashion." *Oliveira*, 251 F.3d. at 63.

Roberts's claim fails because the Advertisement does not use her name, portrait, picture, or voice. Although the Amended Complaint asserts that "[p]ortions of [Ms. Roberts's] body remain visible in the TGI Friday's ads" and that "viewers [] would and did recognize it was Plaintiff dressed up to look like a walking mozzarella stick or potato skin," (Am. Compl. ¶ 49), a review of the Advertisement makes clear that these unsupported allegations are false.

Roberts's Section 50/51 claim also fails because "[i]t is well settled that Section 51 is to be construed narrowly and '[m]erely suggesting certain characteristics of the plaintiff, without literally using his or her name, portrait, or picture, is not actionable under the statute." *Greene v. Paramount Pictures Corp.*, No. 14-cv-1044 (JS) (SIL), 2015 WL 5794313, at *5-6 (E.D.N.Y. Sept. 30, 2015) (citing *Allen v. Nat'l Video, Inc.*, 610 F. Supp. 612, 621 (S.D.N.Y. 1985)); *see also Burck*, 571 F. Supp. 2d at 452-54 (concluding that the defendant's animated video evoking aspects of a character played by the plaintiff was insufficient to qualify as using the plaintiff's "portrait" or "picture" under Sections 50 and 51). The law requires instead that Plaintiff prove that Made or Friday's used a "recognizable likeness." *Allen*, 610 F. Supp. at 622.

The *Allen* case involved the use of a Woody Allen look-alike in an advertisement for a nationally franchised video rental chain. The court refused to find a violation of Section 51, finding that for the court to hold that the look-alike's face was a "portrait or picture," it must conclude "that the photograph in question [] creates, as a matter of law, the illusion of Woody Allen's actual presence in the advertisement." *Allen*, 610 F. Supp. at 624. The court relied in part on *Lombardo v. Doyle Dane & Birnbach*, 58 A.D.2d 620 (2d Dep't 1977), which also rejected a claim under Section 51 and found that the depiction in a commercial of an actor imitating Guy Lombardo's style of conducting "Auld Lang Syne" in a New Year's Eve setting had not made use of the name, portrait or picture of Guy Lombardo. *See Allen*, 610 F. Supp. at

621 (citing *Lombardo*).  Simply put, a mozzarella stick or pot sticker moving down a New York

City street does not "create the illusion of [Ms. Roberts's] presence," nor does it even approach

qualifying as an actionable "portrait or picture" of her.  *Id.* at 624.  Roberts's claim under New

York Civil Rights Law Sections 50 and 51 must be dismissed.

### B.      Roberts's Right of Publicity Claim Is Governed by New York Law, Which Does Not Recognize a Common Law Right of Publicity.

Roberts's Fourth Cause of Action for "Violation of Right of Publicity" alleges that

Defendants "knowingly used Plaintiff's performance, likeness and persona for advertising or

commercial purposes without Plaintiff's prior written consent as required by the statutory and

common law of *any state other than New York whose law is deemed by this court to be*

*applicable to this case*."  (Am. Compl. ¶ 53 (emphasis added).)  Roberts then alleges "[u]pon

information and belief," that "TGI Friday's employees in Texas participated in the wrongful

conduct alleged in this case" (*id.* ¶ 55) and that "Made Movement's employees in Colorado

participated in the wrongful conduct alleged in this case."  (*Id.* ¶ 56.)

However, given that Roberts is a New York resident (*id.* ¶ 8), there can be no dispute that

New York law applies to any and all of Roberts's right of publicity claims.  "The New York

Court of Appeals has clearly stated that 'right of publicity' claims are governed by the

substantive law of the plaintiff's domicile because rights of publicity constitute personalty."

*Rogers v. Grimaldi*, 875 F.2d 994, 1002 (2d Cir. 1989) (citing *Southeast Bank, N.A. v. Lawrence*,

66 N.Y.2d 910, 912 (1985)).[2]  Further, in New York (as in many other states), the single

publication rule limits a plaintiff to a single right of publicity cause of action for a particular

---

[2] "A federal court . . . adjudicating state law claims that are pendent to a federal claim must apply
the choice of law rules of the forum state."  *Rogers*, 875 F.2d at 1002. (citing *Klaxon Co. v.
Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Colgate Palmolive Co. v. S/S Dart Canada*,
724 F.2d 313, 316 (2d Cir. 1983)).

broadcast. *See Zoll v. Jordache Enters., Inc.*, No. 01 CIV 1339 (CSH) (JCF), 2001 WL 1550943, at *1-3 (S.D.N.Y. Dec. 5, 2001) (denying as futile plaintiff's motion to amend her complaint alleging a violation of her rights of publicity and privacy under New York Civil Rights Law Sections 50/51 "to add 48 separate causes of action under the statutes and common law of 48 different jurisdictions"). Roberts may therefore assert only a single cause of action for a right of publicity violation, which is governed by New York law.[3]

It is well established that there is no common law right of privacy or publicity in New York. A party must rely upon Civil Rights Law Sections 50/51—which Plaintiff has asserted here in her Third Cause of Action—as the only remedy for such claim. *See Groden v. Random House, Inc.*, 61 F.3d 1045, 1049 (2d Cir. 1995) ("In New York, there is no common-law right of privacy . . . ."); *Pirone*, 895 F.2d at 586 ("New York courts have indicated clearly that the Civil Rights Law preempts any common law right of publicity action . . . ."); *Burck*, 571 F. Supp. 2d at 450 ("There is no common law right to privacy or publicity in New York, and thus sections 50 and 51 provide the only remedy for such claims.").[4] Therefore, Roberts's Fourth Cause of Action fails to state a claim and must be dismissed.

---

[3] Plaintiff appears to recognize this limitation, but argues that "[i]n the age of the Internet, states other than those of a Plaintiff's domicile have a significant interest" in intellectual property matters. (Am. Compl. ¶ 54.) The Internet age has existed for quite some time, however, and this fundamental principle of New York right of publicity law remains the same. *See, e.g., Brooks ex rel. Estate of Bell v. The Topps Co., Inc.*, No. 06 CIV 2359, 2007 WL 4547585, at *3 (S.D.N.Y. Dec. 21, 2007) (applying the domicile rule to a right of publicity claim arising from the unauthorized use of an image on baseball cards sold on the Internet).

[4] Roberts's right of publicity claim would nevertheless fail under Colorado or Texas law as well, because her "performance, likeness, or persona" does not appear in the Advertisement. *See, e.g., Joe Dickerson & Assoc., LLC v. Dittmar*, 34 P.3d 995, 997 (Colo. 2001) (en banc) (a claim of invasion of privacy by appropriation of another's name or likeness under Colorado law requires that "the defendant used the plaintiff's name or likeness"); *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 638 (5th Cir. 2007) (a claim for misappropriation/invasion of privacy under Texas

### III.   PLAINTIFF'S UNJUST ENRICHMENT CLAIM MUST BE DISMISSED

#### A.   Roberts's Unjust Enrichment Claim is Preempted by Her New York Civil Rights Law Claim.

Roberts's Sixth Cause of Action for unjust enrichment is preempted by the New York

Civil Rights Law and must also be dismissed.  According to the Amended Complaint, Roberts's

unjust enrichment claim is based on "the conduct described above" (Am. Compl. ¶ 63), *i.e.*, the

same allegations underlying her Lanham Act and right of publicity claims.  However, "there is

*no* cause of action in New York for unjust enrichment arising from alleged unauthorized use of

personal image."  *Zoll v. Ruder Finn, Inc.*, No. 02 Civ. 3652 (CSH), No. 01 Civ 1339 (CSH),

2004 WL 42260, at *4 (S.D.N.Y. Jan. 7, 2004) (emphasis original).  "The New York Civil

Rights law preempts all common law claims based on unauthorized use of name, image, or

personality, including unjust enrichment claims." *Id.* (citing *Hampton v. Guare*, 600 N.Y.S.2d

57, 58-59 (1st Dep't 1993) ("the preemptive effect of the Civil Rights Law is fatal to the . . .

causes of action of the plaintiff's amended complaint alleging common-law conversion,

common-law tort and unjust enrichment where, as here, the plaintiff has no property interest in

his image, portrait or personality outside the protections granted by the Civil Rights Law"));

*Grodin v. Liberty Cable*, 244 A.D.2d 153, 154 (1st Dep't 1997) ("[I]t was error not to dismiss

plaintiff's causes of action for negligence and unjust enrichment, there being no common-law

right of privacy in New York.").

#### B.   Roberts's Unjust Enrichment Claim Fails to State a Claim.

Even if Roberts's unjust enrichment claim were not preempted, her allegations are

insufficient to state a claim.  To establish a claim for unjust enrichment, a plaintiff must show

---

law requires that "the defendant appropriated the plaintiff's name or likeness for the value associated with it . . .").

15

"(1) the other party was enriched; (2) at [the plaintiff's] expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011).  The Amended Complaint fails to allege, however, that Made or Friday's received any benefit at Plaintiff's expense.  And even if Plaintiff had sufficiently alleged that Made or Friday's were so enriched, Roberts fails to allege that her services were performed *for Made or Friday's*, and thus Roberts's relationship with Made and Friday's is "too attenuated" to sustain her claim for unjust enrichment as a matter of law.

> 1.  The Amended Complaint Fails to Allege that Made or Friday's Obtained any Direct Benefit from Roberts.

The "essence" of an unjust enrichment claim under New York law is that "one party has received money or a benefit at the expense of another."  *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000).  To support such a claim, the alleged benefit must be "specific" and "direct."  *Id.* In other words, "a plaintiff must show that the defendant actually received a benefit" from plaintiff.  *Regnante v. Sec. and Exch. Officials*, 14 Civ. 4880(KPF), 2015 WL 5692174, at *17-18 (S.D.N.Y. Sept. 28, 2015).

Here, the Amended Complaint fails to plead any factual allegations to support the conclusion that Made or Friday's were unjustly enriched at Roberts's expense.  *See* Am. Compl. ¶¶ 35–37 (claiming only that the Advertisement "generated a substantial amount of increased publicity for the underlying video" which in turn increased *Bliss's* ad revenues for the Bliss Video on YouTube).  Roberts's performance in the Bliss Video—the only service performed by Roberts from which Made or Friday's could have benefitted—was entirely removed from the Advertisement.  Thus, absent any plausible allegation that Made or Friday's obtained a benefit at Roberts's expense, her unjust enrichment claim must be dismissed.

2.    Roberts Did Not Perform a Service for Made or Friday's.

Even if Made or Friday's had somehow obtained a benefit from Roberts, she does not

allege that she performed such services *for* Made or Friday's.  An unjust enrichment claim

cannot survive where, as here, the Amended Complaint lacks any allegation that the parties had a

relationship "that could have caused reliance or inducement" on Plaintiff's part.  *Mandarin*

*Trading Ltd.*, 16 N.Y.3d at 182.

Roberts's unjust enrichment claim appears to be that she performed services for Bliss in

the Bliss Video, Bliss then licensed the right to use the video to Made and Friday's, and Bliss

allegedly failed to adequately compensate Roberts for her work.  (*See* Am. Compl. ¶¶ 1-4.)  But

the Amended Complaint fails to allege *any* relationship between Roberts and Made or Friday's.

The Amended Complaint, in fact, lacks any allegation that Made or Friday's has ever

communicated, directly or indirectly, with Roberts in any way.

New York courts have regularly rejected unjust enrichment claims as too attenuated

when, like Plaintiff's claim, they are advanced against a third party to the transaction at issue.

"[A] plaintiff must demonstrate that services were performed *for the defendant* resulting in its

unjust enrichment."  *Kagan v. K-Tel Entm't, Inc.*, 172 A.D.2d 375, 376 (1st Dep't 1991)

(emphasis original).  "It is not enough that the defendant received a benefit from the activities of

the plaintiff; if services were performed at the behest of someone other than the defendant, *the*

*plaintiff must look to that person for recovery*."  *Id.* (emphasis added); *see also Georgia Malone*

*& Co., Inc. v. Rieder*, 19 N.Y.3d 511, 517-18 (2012) (on a motion to dismiss, holding that the

complaint failed to show that the parties had any dealings with each other and thus their

relationship was "too attenuated" to support an unjust enrichment claim, and rejecting that the

defendant's mere "awareness" that plaintiff had done work to create a benefit, without more, was

sufficient); *Prestige Caterers v. Kaufman*, 290 A.D.2d 295 (1st Dep't 2002) ("plaintiff made no

showing in the motion court that its services were rendered at [the defendants'] behest and thus

there is no basis for plaintiff to recover" for unjust enrichment).

Here, Roberts has alleged only that she provided services to Bliss at his behest. Even if

Made and Friday's somehow benefitted from Roberts's work, her unjust enrichment claim fails

against Made and Friday's because there is no allegation that she rendered services at their

request or for their benefit, or that the parties had any dealings with each other. Accordingly,

Roberts's unjust enrichment claim against Made and Friday's must be dismissed for this

additional reason as well.

## CONCLUSION

For the reasons set forth above, Made and Friday's respectfully request that the Court

grant their motion to dismiss with prejudice the Second, Third, Fourth and Sixth Causes of

Action of the Amended Complaint as against Made and Friday's without leave for further

amendment.

Dated: New York, New York
   March 7, 2016

       FRANKFURT KURNIT KLEIN & SELZ, PC


       By:  /s/ Craig B. Whitney
          Craig B. Whitney
          Beth I. Goldman
          Andrew Ungberg

          488 Madison Avenue
          New York, New York 10022
          cwhitney@fkks.com
          bgoldman@fkks.com
          aungberg@fkks.com
          Phone: (212) 980-0120
          Fax: (212) 593-9175

          *Attorneys for Defendants*
          *Made Movement LLC and TGI Friday's, Inc.*